IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LINDA J. HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00618 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Griffin |
| | ) | |
| CELADON TRUCKING SERVICES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court are three motions filed by Plaintiff Linda J. Henry in response to Defendant Celadon Trucking Services, Inc.'s Motion for Summary Judgment ("Defendant's Motion") (Doc. No. 19): (1) Motion to Strike Defendant's Motion or, in Alternative, to Treat as Motion to Dismiss for Failure to State a Claim ("Motion to Strike") (Doc. No. 22); (2) Rule 32 Objection to Use of, and Motion to Suppress, Depositions Filed by Defendant ("Motion to Suppress") (Doc. No. 27); and (3) Federal Rule of Civil Procedure 56(d) Motion to Defer or Deny Defendant's Motion ("Rule 56(d) Motion") (Doc. No. 28). Defendant has filed a single Response in Opposition to all of Plaintiff's pending Motions. (Doc. No. 31.) For the reasons stated below, Plaintiff's Motions are **DENIED**.

Plaintiff initiated this suit for statutory and common law retaliatory discharge in the Circuit Court for Davidson County on June 14, 2010. (Doc. No. 1-1.) On June 24, 2010, Defendant removed the case to federal court. (Doc. No. 1.) Plaintiff later moved to voluntarily dismiss her statutory retaliatory discharge claim (Doc. No. 16), which the Court granted in July of 2011 (Doc. No. 18). On October 31, 2011, Defendant filed a Motion for Summary Judgment, seeking an "entry of summary judgment dismissing this action in its entirety" (Doc. No. 19),

1

along with a Memorandum in Support (Doc. No. 19-1) and a Concise Statement of Undisputed Facts (Doc. No. 19-2).

On November 21, 2011, Plaintiff filed her Motion to Strike, asking the Court to either strike Defendant's Motion or treat it as a motion under Rule 12(b)(6) on the grounds that there was no filed record for the Court to consider other than the pleadings. (Doc. No. 22.) Subsequently, on November 23, 2011, Defendant filed two depositions in support of its Motion for Summary Judgment. (Doc. Nos. 24 & 25.) On November 28, 2011, Plaintiff then filed her Motion to Suppress (Doc. No. 27) and Rule 56(d) Motion (Doc. No. 28). In her Motion to Suppress, Plaintiff argues that the depositions should be suppressed because they were not authenticated by a signature and certificate, as required by Rule 30, and not filed with Defendant's Motion, as required by Rule 6(c)(2). (Doc. No. 27.) In her Rule 56(d) Motion, Plaintiff argues that, should the Court deny her other two Motions, the Court should defer consideration of Defendant's Motion or deny Defendant's Motion "for failure to comply with the order deadline." (Doc. No. 28 at 1.) Plaintiff notes that the depositions were filed by Defendant on November 23, 2011, twenty-three days after Defendant filed its Motion—which was also the parties' motions deadline—and five days before Plaintiff's response deadline. (*Id.*) Plaintiff stated that she could not adequately respond to Defendant's Motion and the depositions within that short time period, which included the Thanksgiving holiday and a weekend. (*Id.* at 1-2.) Upon receipt of Plaintiff's Rule 56(d) Motion, the Court issued an Order extending Plaintiff's deadline to respond to Defendant's Motion to December 20, 2011 and noted that it was taking Plaintiff's pending Motions under consideration. (Doc. No. 29.)

On December 2, 2011, Defendant filed a Response in Opposition to Plaintiff's Pending Motions. (Doc. No. 31.) Defendant first argues that, to the extent that Plaintiff's Motions are

"based upon the length of time needed to respond" to Defendant's Motion, they have been rendered moot in light of the Court's extension of Plaintiff's response deadline. (*Id.* at 1.) Defendant further asserts that the Court's Order "resolves" Plaintiff's objections under Rule 6(c)(2) in her Motion to Suppress and Plaintiff's Rule 56(d) Motion in its entirety. (*Id.*) Defendant also argues that, to the extent that Plaintiff complained that the depositions were not filed with Defendant's Motion, Defendant simply states that the depositions have been filed "and the issue is resolved." (*Id.*) Furthermore, Defendant states that in terms of substantive objections, Plaintiff will have the opportunity to "create a genuine issue of material fact by filing the pertinent opposition testimony." (*Id.*) Defendant also argues that Plaintiff's Rule 30 complaint is baseless because an original copy of the deposition of Darryl Routh, which Defendant attached to its Response and which is identical in substance to the copy previously filed, is certified by the Court Reporter. (Doc. No. 31 at 2.) Lastly, Defendant states that Plaintiff cannot object to Plaintiff's deposition because the Court Reporter has testified that Plaintiff failed to sign and return the original transcript within thirty days, as she was required to do. (*Id.*; Doc. No. 31-2.) Thus, Defendant argues that "Plaintiff's failure to sign and return the original cannot now serve as a basis to complain about the lack of a signed original." (Doc. No. 31 at 2.)

Plaintiff's Motion to Strike (Doc. No. 22) is **DENIED as moot** because Defendant has filed the necessary documents to support its Motion, and thus the Court now has a record on which to decide Defendants' Motion. Further, given that Defendant has explained why the originally-filed depositions lacked an authenticating signature, the Court **DENIES** Plaintiff's Motion to Suppress (Doc. No. 27). Finally, because the Court has extended the deadline for Plaintiff to provide substantive responses to Defendant's Motion, the Court **DENIES** Plaintiff's

Rule 56(d) Motion (Doc. No. 28). Although Defendant may not have complied with the Rules governing filing depositions supporting a motion for summary judgment, the Court finds that any such defects have now been cured. Plaintiff has been granted an additional three weeks to respond to Defendant's Motion, and the Court expects that Plaintiff will use that time to produce an appropriate response to Defendant's Motion.

For the reasons stated above, Plaintiff's Motions are **DENIED**.

It is so ORDERED.

Entered this the ___9th___ day of December, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT