# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| LINDA J. HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-00618 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Griffin |
| | ) | |
| CELADON TRUCKING SERVICES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant Celadon Trucking Services, Inc.'s Motion for Summary Judgment ("Motion") (Doc. No. 19), filed along with a Memorandum in Support (Doc. No. 19-1) and a Concise Statement of Undisputed Facts (Doc. No. 19-2), as well as two subsequently-filed depositions (Doc. Nos. 24 & 25). Plaintiff Linda J. Henry has filed a Response in Opposition (Doc. No. 33), along with an affidavit (Doc. No. 34), a Response to Defendant's Concise Statement of Undisputed Facts (Doc. No. 35), a deposition[1] (Doc. No. 38-1), and several supporting exhibits (Doc. Nos. 38-2 to 38-6). Defendant then filed a Reply in support of its Motion. (Doc. No. 39.)

For the reasons given herein, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

*A. Factual History[2]*

Plaintiff was hired as a commercial truck driver for Defendant in 2007. As a part of the hiring process, Plaintiff participated in an orientation in Indianapolis, Indiana, Defendant's

---

[1] The deposition Plaintiff filed is that of Darryl Routh, which Defendant also filed and is docketed at Doc. No. 24.
[2] Facts in this section are undisputed and taken from Plaintiff's Response to Defendant's Concise Statement of Undisputed Facts (Doc. No. 35), unless otherwise noted.

1

principal place of business and where Defendant's Driver Managers are located. Plaintiff's job duties included driving to "pretty much" all of the forty-eight contiguous states. Plaintiff has testified in a deposition that she would receive her load assignments through Defendant's computerized communications system, a device known as a Qualcom. (Doc. No. 25 at 20.)

On June 4, 2009, Plaintiff was dispatched to deliver a load of Nestle water from Hawkins, Texas, to a Sam's Club location in Jackson, Tennessee. Plaintiff testified in a deposition that her scheduled delivery time was 1:30 AM on June 5, 2009. (*Id.* at 33-34, 36.) Plaintiff, however, subsequently testified in an affidavit that she "called Sam's and made inquiry if [she] could be unloaded prior to [her] scheduled delivery time," to which Sam's Club allegedly agreed. (Doc. No. 34 ¶ 5.) Plaintiff arrived at Sam's Club at 5:15 PM on June 4, 2009. Plaintiff testified at her deposition that she interacted with an employee of Sam's Club upon her arrival (Doc. No. 24 at 34-35), though Plaintiff later testified in her affidavit that she "at all times remained in [her] cab during the unloading and never engaged the employees at Sam's" Club (Doc. No. 34 ¶ 5).

Plaintiff testified at her deposition that, while waiting to unload at Sam's Club, she received a notification of a new load to be delivered on the Qualcom. (Doc. No. 25 at 38.) In her affidavit, Plaintiff testified that the load was a "hot" load that would need to be transferred immediately and the load "was given to [her] to pick-up [*sic*] and to not refuse." (Doc. No. 34 ¶¶ 6, 9.) Plaintiff further testified in her affidavit that, upon receiving the notification of this load, she called a dispatcher and stated she could not accept the load due to regulations limiting her operating hours between "sleeper times." (*Id.* ¶ 6.) Plaintiff turned down the load.

During a subsequent trip, Plaintiff received a call from Darryl Routh, the Operations Manager for Defendant. Mr. Routh told Plaintiff that he had received an email from Sam's Club and wanted to hear Plaintiff's side of the story. Plaintiff received a message on her Qualcom

instructing her to go to Indianapolis after dropping off a load in Ohio, which she did the following day, June 12, 2009.  At their meeting, Mr. Routh informed Plaintiff that, due to an incident during her June 4, 2009 unloading at Sam's Club, he had to let Plaintiff go.  They did not discuss Plaintiff's refusal of the "hot" load on June 4, 2009, or Plaintiff driving in excess of her allotted hours.

Plaintiff subsequently filed a claim with the Equal Employment Opportunity Commission, claiming that she was terminated due to her race, sex, and age.  Plaintiff did not file any complaints with the Secretary of Labor.

*B.  Procedural History*

Plaintiff initiated this suit for statutory and common law retaliatory discharge in the Circuit Court for Davidson County on June 14, 2010.  (Doc. No. 1-1.)  On June 24, 2010, Defendant removed the case to federal court.  (Doc. No. 1.)  Plaintiff later moved to voluntarily dismiss her statutory retaliatory discharge claim (Doc. No. 16), which the Court granted in July of 2011 (Doc. No. 18).  Plaintiff's common law retaliatory discharge claim is based on Plaintiff's alleged attempts to comply with 49 C.F.R. § 395.3, which limits the number of hours a commercial truck driver can operate a property-carrying motor vehicle (Doc. No. 1-1 at 5-7), and is the only remaining claim in this case.

Defendant filed the instant Motion on October 31, 2011 (Doc. No. 19), along with a Memorandum in Support (Doc. No. 19-1) and a Concise Statement of Undisputed Facts (Doc. No. 19-2), as well as two subsequently-filed depositions (Doc. Nos. 24 & 25).  Plaintiff filed three motions contesting Defendant's Motion and use of the depositions on procedural grounds (Doc. Nos. 22, 27, & 28), to which Defendant filed a single Response in Opposition (Doc. No. 31).  The Court denied these three motions on December 9, 2011.  (Doc. No. 32.)  Thereafter,

3

Plaintiff filed a Response in Opposition to Defendant's Motion (Doc. No. 33), along with an affidavit (Doc. No. 34), a Response to Defendant's Concise Statement of Undisputed Facts (Doc. No. 35), a deposition (Doc. No. 38-1), and several supporting exhibits (Doc. Nos. 38-2 to 38-6). Defendant then filed a Reply in support of its Motion. (Doc. No. 39.) Plaintiff also filed a motion to strike certain evidence introduced by Defendant on the grounds that it was inadmissible hearsay (Doc. No. 37), which Defendant opposed (Doc. No. 41), and which the Court denied on January 5, 2012 (Doc. No. 42).

## II. LEGAL STANDARD

Summary judgment is rendered when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate that the non-moving party has failed to establish a necessary element of that party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will be granted if "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). The movant has the initial burden of informing the district court of the basis of the summary judgment motion and identifying portions of the record which lack a genuine issue of material fact to support the non-movant's case. *See Celotex*, 477 U.S. at 323.

The non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. *See id.* at 324. A "mere possibility" of a factual dispute is not sufficient to withstand a properly supported motion for summary judgment. *Baird v. NHP Mill Creek Apartments*, 94 F. App'x 328, 330-31 (6th Cir. 2004) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). A dispute about

4

a material fact is genuine if a reasonable factfinder could find for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A party asserting or denying that a fact is genuinely disputed may support its position by (1) citing to particular parts of materials in the record, (2) showing that the materials cited by the opposing party do not establish the absence or presence of a genuine dispute, or (3) showing that an adverse party cannot produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1).

All reasonable inferences are to be drawn in favor of the non-moving party and the evidence of the non-movant is to be believed. *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . on a motion for summary judgment." *Id.* If the court determines that a reasonable factfinder could not find for the non-moving party, summary judgment must be granted. *See Lexington-South Elkhorn Water Dist.*, 93 F.3d at 233.

### III. ANALYSIS

Defendant argues that summary judgment in its favor is warranted because Plaintiff failed to exhaust her administrative remedies pursuant to 49 U.S.C. § 31105. (Doc. No. 19-1 at 4-5.) Citing to cases from Indiana and Tennessee federal district courts, Defendant argues that such a failure "precludes Plaintiff's ability to now prosecute this cause of action." (*Id.* at 5.) Plaintiff responds, without meaningful analysis, that Tennessee law "does not require an exhaustion of administrative remedies unless statutorily dictated." (Doc. No. 33 at 5.) Plaintiff also asserts that, if the Court relies on the Indiana case to which Defendant cited to find that Plaintiff's failure to pursue administrative remedies prevents her ability to bring a Tennessee state law claim, the result would be a frustration of Tennessee public policy. (*Id.*) In its Reply, Defendant

5

argues that Plaintiff has provided "no persuasive argument regarding her admitted failure to pursue the administrative remedy set out in the very statute that creates the public policy she claims provides the basis for her cause of action." (Doc. No. 39 at 1-2.) Defendant also asserts that the Tennessee Supreme Court has directly spoken on this issue and held that exhaustion of administrative remedies is necessary. (*Id.* at 2.)

Pursuant to federal statute, employees who are drivers of commercial motor vehicles may not be discharged if they refuse to operate a vehicle in violation of "a regulation, standard, or order of the United States related to commercial motor vehicle safety, health, or security." 49 U.S.C. § 31105(a)(1)(B)(i). One such regulation, to which Plaintiff cites in her Complaint, sets a maximum number of hours that drivers may drive commercial motor vehicles in a given period of time. 49 C.F.R. § 395.3. Employees who allege a discharge in violation of 49 U.S.C. § 31105(a)(1)(B)(i) "may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred." 49 U.S.C. § 31105(b)(1). The same statute provides for a detailed administrative process to review an employee's complaint and allows for the filing of "an original action at law or equity for de novo review in the appropriate district court of the United States" "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee." *Id.* §§ 31105(b)-(c). An employee may appeal an adverse order of the Secretary of Labor to the appropriate court of appeals within sixty days of the issuance of the order. *Id.* § 31105(d).

In this case, it is undisputed that Plaintiff did not file a complaint with the Secretary of Labor. (Doc. No. 35 at 6.) What the parties do dispute is whether this failure to follow the above-described administrative procedures now precludes Plaintiff's ability to pursue a common law retaliatory discharge claim. The parties also disagree on which state's law is applicable to

this case: that of Tennessee—a state where Defendant does business, where Plaintiff delivered the load to Sam's Club, and where Plaintiff received the instructions she alleged would have caused her to drive hours in excess of federal regulations—or that of Indiana—Defendant's principal place of business, the location of the Driver Managers and from where Plaintiff's dispatch instructions were sent, and the state where she was terminated. (*See* Doc. No. 19 at 7-8; Doc. No. 33 at 3-5.) The issue of the applicable law is irrelevant because under either state's law, the Court finds that Plaintiff is precluded from litigating this case for failure to pursue the administrative remedies available to her under 49 U.S.C. § 31105.

In *Watson v. Cleveland Chair Co.*, the Supreme Court of Tennessee found that Section 405 of the Surface Transportation Assistance Act of 1982, codified then at 49 U.S.C. § 2305 and now at 49 U.S.C. § 31105, preempted a Tennessee common law retaliatory discharge claim. 789 S.W.2d 538 (Tenn. 1989). The court there wrote that "Congress, explicitly and implicitly, confined jurisdiction under the Act to the administrative and judicial procedures to be exercised by the *Secretary of Labor* in accordance with § 405." *Id.* at 544. Further, the court stated that it would not be "appropriate for the courts of this State to establish public policy or adopt an exception to the common-law by placing our imprimatur thereon in the absence of some constitutional or legislative precedent." *Id.*

While Plaintiff makes a general argument that "Tennessee law does not require an exhaustion of administrative remedies unless statutorily dictated" (Doc. No. 33 at 5), the Court finds this line of argument to be unpersuasive for two reasons. First, the case to which Plaintiff cites to support this proposition concerns the necessity of filing a grievance with the Metro Civil Service Commission after the plaintiff's request for a gun and badge as a retirement benefit was denied. *Brewer v. The Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, No. M2008-02307-

COA-R3-CV, 2009 Tenn. App. LEXIS 802, at *11 (Tenn. Ct. App. Nov. 30, 2009). Such an administrative remedy is totally unrelated to the preemptive effect of the administrative remedy at issue in this case, on which the highest state court in Tennessee has issued a decision. Second, it is difficult to understand how the particular statute at issue in this case would not meet Plaintiff's proffered test. Given the very specific procedures outlined in 49 U.S.C. § 31105(b), it appears that the necessity of following a specific line of administrative remedies would be "statutorily dictated." In sum, therefore, the Court finds that pursuant to Tennessee law, Plaintiff's claim is barred for failure to pursue the statutory remedies outlined in 49 U.S.C. § 31105.

Moreover, this past March, the Northern District of Indiana granted summary judgment for the defendant in a case where a truck driver brought a wrongful discharge claim under Indiana law after allegedly being fired for his refusal to violate maximum hour rules. *Mattingly v. Heartland Express, Inc.*, No. 1:09 CV 169, 2011 U.S. Dist. LEXIS 25681 (N.D. Ind. Mar. 14, 2011). Explaining that the plaintiff "did not pursue the statutory remedy available to him" pursuant to 49 U.S.C. § 31105, the court found that "allowing him to bring an action under state law for wrongful discharge would unnecessarily expand Indiana's narrow public policy exceptions to employment at will." *Id.* at *14-15. The court found 49 U.S.C. § 31105(f), which "provides that the federal statute does not preempt other safeguards against wrongful discharge," to be irrelevant to the issue before it, as "Indiana state-law remedies" were not being preempted by the federal statute, but rather the remedies did not "come into existence in the first place, because there is an adequate statutory remedy." *Id.* at *13-14. Accordingly, in light of *Mattingly*, the Court finds that Plaintiff would similarly be barred from pursuing a state law claim for retaliatory discharge under Indiana law.

In light of the above analysis, the Court finds it unnecessary to discuss the merits of Plaintiff's retaliatory discharge claim. Simply put, because Plaintiff did not follow the procedures outlined in 49 U.S.C. § 31105 for filing an administrative complaint after being terminated for her alleged refusal to violate maximum driving hour restrictions, Plaintiff cannot now pursue a state law claim for retaliatory discharge. Defendant's Motion, therefore, is **GRANTED**.

## IV. CONCLUSION

For the reasons given above, Defendant's Motion is **GRANTED**.

It is so ORDERED.

Entered this _19th_ day of January, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT